### WITTEMAN v. GLASS.

(Supreme Court, Appellate Term. June 25, 1909.)

BILLS AND NOTES (§ 525*)—ACTIONS—SUFFICIENCY OF EVIDENCE—ACCOMMODATION PAPER.

> Evidence in an action on a note indorsed by the payee to plaintiff examined, and *held* to show that it was an accommodation note, and that plaintiff took it with that knowledge.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 525.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Adolph Witteman against William C. Glass. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frank Trenholm, for appellant.
Hastings & Gleason, for respondent.

PER CURIAM. The complaint alleges in substance as follows:

"Defendant made and delivered for value his note to one Chester, payable to the order of said Chester, for $550. Chester indorsed the note and delivered it for value to plaintiff. At maturity the note was protested for nonpayment. Plaintiff is still the lawful owner and holder."

He sued for $426.60, with interest thereon at 6 per cent., being the unpaid balance of the $550 note, with $1.60 protest fees. It appears that $125 have been paid on the note by said Chester, not by defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant. Defendant's answer denies that the note was made and delivered for value to Chester, but alleges that the note was an accommodation one, and that plaintiff took the note with that knowledge. The court gave judgment for plaintiff, and defendant appeals.

It appeared on the trial by admission of plaintiff that the note had been altered, after becoming the property of plaintiff, by the addition of the words "with 6 per cent. interest," which was written there by plaintiff's bookkeeper, under an arrangement, as alleged by plaintiff, between Chester and plaintiff. Thereupon plaintiff's counsel waived the claim for interest on the note and asked for judgment for its face value, less $125 paid by Chester. Defendant moved to dismiss the complaint on the ground, among others, that the note had been materially altered, under the direction of the plaintiff, by the addition of the words "with 6 per cent. interest," without the knowledge of the defendant, and without his consent, and after it had left the possession of the maker and indorser, and when it was in the possession of the plaintiff. Negotiable Inst. Law (Laws 1897, p. 745, c. 612) §§ 205, 206. The motion was denied and defendant excepted.

Defendant swore the note was an accommodation one; that Chester gave no consideration for it, and agreed to hold defendant harmless; that the words "with 6 per cent. interest" were not on the note when it left his possession, and were put there without his knowledge or consent. The indorser, Chester, swore also that the note was an accommodation one, given without consideration, and that when he indorsed and delivered the note to plaintiff he told plaintiff the note was an accommodation one, for which defendant received no consideration, and that defendant was not to be held responsible on the note, and that plaintiff must look only to him (Chester) for payment. The plaintiff denies that Chester made these statements to him about the note being an accommodation one; but, in view of his disloyal and unlawful action in altering the note by inserting the above provision for 6 per cent. interest, his testimony seems hardly entitled to outweigh that of Chester, especially as the latter was at least a disinterested witness, and who may, perhaps, also be said to be actually testifying against his own interest in assuming sole responsibility for the note to himself and endeavoring to relieve defendant from all liability.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.